**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| DERMAFOCUS LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ULTHERA, INC., a Delaware corporation.<br><br>Defendant. | Civil Action No:<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff DermaFocus LLC ("DermaFocus") sues Defendant Ulthera, Inc. ("Ulthera") and on information and belief alleges as follows:

1. Plaintiff DermaFocus owns the inventions described and claimed in (i) United States Patent No. 6,113,559 entitled "Method and Apparatus for Therapeutic Treatment of Skin with Ultrasound" (the "'559 Patent," a copy of which is attached hereto as Exhibit A). Defendant, without DermaFocus's permission, (a) has used and continues to use DermaFocus's patented technology in products and services that they make, use, import, sell, and offer to sell and (b) has contributed to and/or induced, and continues to contribute to and/or induce, others to use DermaFocus's patented technology. DermaFocus seeks damages for patent infringement and an injunction preventing Defendant from making, using, selling, or offering to sell DermaFocus's technology without permission.

**Jurisdiction and Venue**

2. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, *et seq*. The Court has original jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and § 1400. Defendant (a) is a Delaware entity that avails itself of the laws and protections of the District of Delaware; (b) is responsible for acts of infringement occurring in the District of Delaware; and (c) has delivered or caused its infringing products and/or services to be delivered and/or used in the District of Delaware.

**Parties**

4. Plaintiff DermaFocus LLC is a Delaware limited liability company with a principal place of business in Wilmington, Delaware.

5. Defendant Ulthera, Inc. is a Delaware corporation with a principal place of business in Mesa, Arizona.

**COUNT I**

**(Ulthera's infringement of the '559 Patent)**

6. Plaintiff incorporates by reference each of the allegations in paragraphs 1-5 above.

8. On September 5, 2000, the '559 Patent, entitled a "Method and Apparatus for Therapeutic Treatment of Skin with Ultrasound," was duly and legally issued by the United States Patent and Trademark Office.

9. Each claim of the '559 Patent is valid and enforceable.

10. Plaintiff DermaFocus is the owner of the '559 Patent with full rights to pursue recovery of royalties or damages for infringement of such patent, including full rights to recover past and future damages.

11. Since at least September 2009, Defendant has directly infringed at least one claim of the '559 Patent and, unless enjoined, will continue to do so, by making, using, selling, offering for sale infringing products and/or services, without a license or permission from DermaFocus. Defendant's infringing products and services include its products and services for non-invasive lifting and tightening of the skin using focused ultrasound technology (the "Ulthera System").

12. Defendant has actively induced, and will continue to actively induce, users of its infringing products and services, including medical personnel implementing the Ulthera System, to infringe at least one claim of the '559 Patent. Users of the Ulthera System have directly infringed and continue to directly infringe at least one claim of the '559 Patent. Defendant has induced, and continues to induce, the direct infringement by Ulthera users by instructing the users (including through, without limitation, instructions, product documentation, and customer support) to use the Ulthera System in an infringing manner. Defendant knew of the '559 Patent since at least February 9, 2005. Based on its knowledge of the '559 Patent and its continued instruction of users to use the Ulthera System in an infringing manner, Defendant knew that its actions would induce and will continue to induce users of the Ulthera System to infringe at least one claim of the '559 Patent. As a result of Defendant's inducement, users of Defendant's Ulthera System have infringed and continue to infringe at least one claim of the '559 Patent.

13. Defendant has contributed to and continues to contribute to the infringement of at least one claim of the '559 Patent by the users of its infringing products and services, including

medical personnel, implementing the Ulthera System.  Users of the Ulthera System have directly infringed and continue to directly infringe at least one claim of the '559 Patent.  Defendant has contributed to and continues to contribute to the direct infringement by Ulthera users by supplying material parts of the Ulthera System, including Ulthera System components that make up in whole or in part the system that performs the method of rejuvenating human skin of the patented '559 invention.  Defendant knew of the '559 Patent since at least February 9, 2005.  Defendant had and has knowledge that the Ulthera System components are especially made and adapted for use in the infringing Ulthera System, are not a staple of commerce, and are not suitable for substantial non-infringing use.   In particular, each of the Ulthera System components constituting a material part of the infringing Ulthera System is specifically created to perform operations that align with the claimed elements of the patented invention—for example, focusing ultrasound energy in a dermis layer of the region of skin, depositing energy in the dermis layer sufficient to heat tissue within the layer to a temperature ranging from about 47º C. to about 75ºC., etc.  Based on its knowledge of the '559 Patent and its continued supply of material, non-staple parts of the Ulthera System that are not suitable for substantial non-infringing use, Defendant knew that its actions would contribute to and will continue to contribute to direct infringement by the Ulthera System.

14. Defendant's infringement of the '559 Patent has been and continues to be willful.  Defendant knew of the '559 Patent since at least February 9, 2005.  Defendant has disregarded and continues to disregard an objectively high likelihood that its actions infringe the '559 Patent.  This risk has been known to Defendant, or is so obvious that it should have been known to it.

15. Plaintiff has been damaged by Defendant's infringement of at least one claim of the '559 Patent and will suffer additional irreparable damage and impairment of the value of its

...

patent rights unless Defendant is enjoined from continuing to infringe at least one claim of the '559 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A.  A decree preliminarily and permanently enjoining Defendant, its officers, directors, employees, agents, and all persons in active concert with it, from infringing, and contributing to or inducing others to infringe, the '559 Patent;

B.  Compensatory damages awarding Plaintiff damages caused by Defendant's infringement of the '559 Patent;

C.  Enhancement of Plaintiff's damages pursuant to 35 U.S.C. § 284;

D.  Costs of suit and attorneys' fees;

E.  Pre-judgment interest; and

F.  Such other relief as justice requires.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues.

Dated: July 29, 2015						Respectfully submitted,

OF COUNSEL:							FARNAN LLP

Richard E. Lyon							/s/ Michael J. Farnan
***Dovel & Luner, LLP***					Brian E. Farnan (Bar No. 4089)
201 Santa Monica Blvd., Suite 600				Michael J. Farnan (Bar No. 5165)
Santa Monica, CA 90401					919 N. Market St., 12th Floor
Telephone:  310-656-7066					Wilmington, DE 19801
Facsimile:  310-656-7069					(302) 777-0300

Email:  rick@dovellaw.com                    (302) 777-0301
                                             bfarnan@farnanlaw.com
                                             mfarnan@farnanlaw.com

***Counsel for Plaintiff DermaFocus LLC***