# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DERMAFOCUS LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 1:15-cv-00654-JFB-SRF |
| | ) |
| ULTHERA, INC., | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM ORDER**

At Wilmington this **7th** day of **June 2018**, the court having considered the Motion to Lift Stay, filed by DermaFocus LLC ("DermaFocus") (D.I. 48), IT IS HEREBY ORDERED THAT DermaFocus' Motion to Lift Stay is DENIED for the reasons set forth below:

1. **Background.** On July 29, 2015, DermaFocus filed this suit against Ulthera, Inc. ("Ulthera") alleging infringement of U.S. Patent No. 6,113,559 ("the '559 Patent"), entitled "Method and Apparatus for Therapeutic Treatment of Skin Without Ultrasound." (D.I. 11 at ¶ 1)

2. On July 19, 2016 Ulthera filed a petition for *inter partes* review ("IPR") with the Patent Trial and Appeal Board ("PTAB") regarding all claims of the '559 Patent. (D.I. 36 at 1)

3. On November 11, 2016, while the IPR petition was pending, DermaFocus and Ulthera entered into a stipulation to stay the instant litigation until the PTAB's final resolution of the IPR proceedings. (D.I. 36)

4. The PTAB instituted IPR proceedings on January 23, 2017 for claims one through four, six through nine, and eleven through eighteen of the '559 patent. (D.I. 49, Ex. 5 at 2) The PTAB did not institute IPR proceedings with respect to claims 5 and 10 of the '559 patent. (*Id.* at 12, 17-18)

5.     On January 19, 2018, the PTAB issued its final decision, concluding that Ulthera did not show any of the challenged claims were unpatentable. (D.I. 49, Ex. 1 at 1, 37) Ulthera appealed the PTAB's decision to the Federal Circuit. (D.I. 50, Ex. 1)

6.     On February 16, 2018, DermaFocus moved to lift the stay in accordance with the terms of the November 11, 2016 stipulation. (D.I. 48) Ulthera opposed the motion to lift the stay and requested a continuation of the stay until resolution of the appeal before the Federal Circuit. (D.I. 50)

7.     Following the filing of the motion to lift the stay, on April 24, 2018, the Supreme Court issued its ruling in *SAS Institute, Inc. v. Iancu*, which held that the PTAB must issue a final written decision addressing every patent claim challenged in an IPR petition. 138 S. Ct. 1348 (2018).

8.     As a result of the Supreme Court's decision, Ulthera filed a motion before the Federal Circuit requesting remand of Ulthera's appeal to the PTAB for issuance of a final decision regarding the patentability of claims 5 and 10. (D.I. 53 at 1)

9.     On May 25, 2018, the Federal Circuit granted Ulthera's motion and "directed [the PTAB] to promptly issue a final decision as to all claims challenged by Ulthera in its petition." (D.I. 52, Ex. 1 at 3)

10.    **Legal Standard.** The court has inherent, discretionary authority to grant a motion to stay, and may lift the stay if circumstances warranting the entry of a stay in the first instance have changed. *Elm 3DS Innovations LLC v. Samsung Elecs. Co.*, C.A. No. 14-1430-LPS-CJB, C.A. No. 14-1431-LPS-CJB, 2018 WL 1061370, at *1 (D. Del. Feb. 26, 2018) (citing *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60-61 (3d Cir. 1985); *Princeton Dig. Image Corp. v. Konami Dig. Entm't Inc.*, 12-1461-LPS-CJB, 2015 WL 219019, at *2 (D. Del.

Jan. 14, 2015)). Courts within this district generally use three factors in determining whether to lift stay: "(1) whether granting the stay will simplify the issues for trial; (2) the status of litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage." *Id.*; *see also Cooper Notification, Inc. v. Twitter, Inc.*, C.A. No. 09-865-LPS, 2010 WL 5149351, at *1 (D. Del. Dec. 13, 2010); *St. Clair Intellectual Prop. V. Sony Corp.*, C.A. No. 01-557-JJF, 2003 WL 25283229, at *1 (D. Del. Jan. 30, 2003).

11. **Analysis.** DermaFocus' motion to lift the stay is denied because the circumstances warranting the entry of a stay in the first instance persist. The parties stipulated to stay the litigation "pending resolution by the PTAB of the patentability of all challenged claims in the pending IPR." (D.I. 36 at 2) Although the PTAB denied institution of IPR proceedings with respect to claims 5 and 10, and issued a final written decision on all remaining claims, the Supreme Court recently ruled that the PTAB must issue a final written decision "with respect to the patentability of **any** patent claim challenged," and "in this context, as in so many others, 'any' means 'every.'" *SAS Institute, Inc. v. Iancu*, 138 S. Ct. 1348, 1353 (2018). For this reason, the Federal Circuit remanded Ulthera's appeal to the PTAB for issuance of a final decision regarding the patentability of claims 5 and 10. (D.I. 53 at 1) Consequently, the PTAB has yet to resolve the patentability of all challenged claims in the pending IPR proceeding, and the terms of the parties' stipulation have not been satisfied.

12. **Conclusion.** For the forgoing reasons, the motion to lift stay is denied. (D.I. 48)

13. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written

objection within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each.

**14.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge