IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DERMAFOCUS LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 15-654 (MN) |
| | ) |
| ULTHERA, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 19th day of October 2018, the Court having considered Plaintiff DermaFocus LLC's Renewed Motion to Lift Stay (D.I. 56), IT IS HEREBY ORDERED THAT DermaFocus LLC's Motion is GRANTED for the reasons set forth below:

**I.     Background**

1.      On July 29, 2015, DermaFocus LLC ("DermaFocus") filed this suit against Ulthera, Inc. ("Ulthera") alleging infringement of U.S. Patent No. 6,113,559 ("the '559 Patent"), entitled "Method and Apparatus for Therapeutic Treatment of Skin Without Ultrasound." (D.I. 1).

2.      On July 19, 2016 Ulthera filed a petition for *inter partes* review ("IPR") with the Patent Trial and Appeal Board ("PTAB") regarding all claims of the '559 Patent. (D.I. 36 at 1).

3.      On November 11, 2016, while the IPR petition was pending, DermaFocus and Ulthera entered into a stipulation to stay the instant litigation until the PTAB's final resolution of the IPR proceedings. (D.I. 36).

4.      The PTAB instituted IPR proceedings on January 23, 2017 for claims 1 through 4, 6 through 9, and 11 through 18 of the '559 patent. (D.I. 54 at ¶ 4). The PTAB did not institute IPR proceedings with respect to claims 5 and 10 of the '559 patent. *(Id.)*.

5. On January 19, 2018, the PTAB issued its final decision, concluding that Ulthera did not show any of the challenged claims were unpatentable. (*Id.* at ¶ 5). Ulthera appealed the PTAB's decision to the Federal Circuit. (*Id.*).

6. On February 16, 2018, DermaFocus moved to lift the stay in accordance with the terms of the November 11, 2016 stipulation. (D.I. 48). Ulthera opposed the motion to lift the stay and requested a continuation of the stay until resolution of the appeal before the Federal Circuit. (D.I. 50). Following the filing of the motion to lift the stay, on April 24, 2018, the Supreme Court issued its ruling in *SAS Institute, Inc. v. Iancu,* which held that the PTAB must issue a final written decision addressing every patent claim challenged in an IPR petition. 138 S. Ct. 1348 (2018).

7. Based on the Supreme Court's decision, Ulthera filed a motion before the Federal Circuit requesting remand of Ulthera's appeal to the PTAB for issuance of a final decision regarding the patentability of claims 5 and 10. (D.I. 53).

8. On May 25, 2018, the Federal Circuit granted Ulthera's motion and "directed [the PTAB] to promptly issue a final decision as to all claims challenged by Ulthera in its petition." (D.I. 52, Ex. 1 at 3). Thereafter, on June 7, 2018, this Court denied Plaintiff's motion to lift the stay. (D.I. 54).

9. On September 17, 2018, the PTAB issued an updated Final Written Decision upholding the validity of the two remanded claims. (D.I. 56, Ex. 1).

10. On September 18, 2018, Ulthera appealed the PTAB decision to the Federal Circuit and filed its appeal brief earlier than required – on October 8, 2018. (D.I. 57, Exs. 2-3).

11. On September 25, 2018, Plaintiff renewed its motion to lift the stay. (D.I. 56).

## II. Legal Standard

12. "The decision whether to grant a stay in this case is committed to the district court's discretion, since it is a matter of the court's inherent power to conserve judicial resources by controlling its own docket." *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60-61 (3d Cir. 1985); *Elm 3DS Innovations, LLC v. Samsung Elecs. Co.*, C.A. No. 14-1430-LPS-CJB, 2018 WL 1061370, at *1 (D. Del. Feb. 26, 2018).

13. In determining whether a stay is appropriate, courts typically consider three factors: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage. *See, e.g., Princeton Dig. Image Corp. v. Konami Dig. Entm't Inc.*, C.A. Nos. 12-1461-LPS-CJB, 13-335-LPS-CJB, 2015 WL 219019, at *2 (D. Del. Jan. 14, 2015); *see also Cooper Notification, Inc. v. Twitter, Inc.*, C.A. No. 09-865-LPS, 2010 WL 5149351, at *1 (D. Del. Dec. 13, 2010); *St. Clair Intellectual Prop. v. Sony Corp.*, C.A. No. 01-557-JJF, 2003 WL 25283229, at *1 (D. Del. Jan. 30, 2003).

14. "When a court has imposed a stay, but 'circumstances have changed such that the court's reasons for imposing [that] stay no longer exist or are inappropriate,' the court also has the inherent power and discretion to lift the stay." *Princeton Dig Image*, 2015 WL 219019, *2 (quoting *Auto. Techs. Int'l., Inc. v. Am. Honda Motor Co.*, C.A. Nos. 06-187-GMS, 06-391-GMS, 2009 WL 2969566, at *2 (D. Del. Sept. 15, 2009)). "On the other hand, 'where there are no new circumstances that impose hardship on the plaintiff or that change the court's earlier disposition imposing the stay, the plaintiff's motion to lift the stay should be denied.'" *Id.*

### III. Analysis

15. The parties stipulated to stay the litigation "pending resolution by the PTAB of the patentability of all challenged claims in the pending IPR." (D.I. 36 at 2). At least one circumstance has changed from the time of the Court's prior decision declining to lift the stay – the PTAB has "resolve[d] the patentability of all challenged claims." (*See* D.I. 56, Ex. 1). Thus, the terms of the original agreed upon stipulation have been satisfied.

16. Other circumstances also favor lifting the stay. While it is possible that continuing the stay would simplify issues in the litigation, that would require the Federal Circuit to reverse the PTAB decision on all eighteen of the claims of the '559 patent. In contrast to when the stay was agreed-upon (after the PTAB had found a "reasonable likelihood" that sixteen of the eighteen claims of the '559 patent would be found unpatentable), the decision from the PTAB now suggests that all eighteen of the claims will survive. (*See* D.I. 56, Ex. 1). And while the Federal Circuit may come to a different conclusion than the PTAB, the "mere *possibility* (as opposed to 'reasonable likelihood') that the asserted claims could be invalidated [after an] appeal and [that this would] result in simplification is too speculative to be given much weight." *Network-1 Sec. Sols., Inc. v. Alcatel-Lucent USA Inc.*, Case No. 6:11CV492, 2015 WL 11439060, at *3 (E.D. Tex. Jan. 5, 2015) (emphasis in original); *see also Zoll Med Corp. v. Respironics, Inc.*, C.A. No. 12-1778-LPS, 2015 WL 4126741, at *1 (D. Del. July 8, 2015).

17. So too the status of the litigation favors lifting the stay. Although no discovery has taken place because of the stay based on the IPR, the case is not really in its early stages. *See LG Elecs., Inc. v. Toshiba Samsung Storage Tech. Korea Corp.*, C.A. No. 12-1063-LPS-CJB, 2015 WL 8674901, at *4 (D. Del. Dec. 11, 2015). The case was filed more than three years ago.

4

18.     Finally, Ulthera argues that DermaFocus has not articulated any prejudice in terms of the stay. (D.I. 57 at 3). It asserts that DermaFocus filed this lawsuit nearly 6 years after Ulthera's launch of the accused Ulthera® System and would not suffer prejudice from the additional time it will take the Federal Circuit to decide Ulthera's appeal. (*Id.*). DermaFocus and Ulthera do not compete. (*Id.*). The '559 patent expired in December 2017, and thus no additional damages are accruing, and no injunctive relief is available. (*Id.*).

19.     While all of that may be true, DermaFocus has suffered from delay in its ability to have its allegations of patent infringement adjudicated in this Court. While the parties are not competitors, (D.I. 164 at 16-17), continuing the stay in favor of an appeal here (especially where the decisions being appealed clearly favor DermaFocus) would cause DermaFocus prejudice. Were the stay to continue through the resolution of the appeal, the stay would not be lifted until sometime in 2019 at the earliest – four years after filing. (D.I. 161 at 7; D.I. 164 at 2-3; D.I. 166 at 6). For a Plaintiff who filed this suit before its patent expired, and who saw all its claims confirmed at the PTAB, that is a long time to continue to wait. *See Zoll Med Corp.,* 2015 WL 4126741, at *1.

## IV.     Conclusion

For the forgoing reasons, the motion to lift stay is granted.

The Honorable Maryellen Noreika
United States District Judge